3:19mj117HTC

## ATTACHMENT C

## AFFIDAVIT

Your affiant, Adam K. Zeithammel, being duly sworn, deposes and states the following:

1.      Your affiant is a Special Agent (hereinafter "SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), assigned to the Pensacola Field Office, and has served in that capacity since 2015. Prior to this employment, your affiant worked for the United States Air Force in a civilian capacity from 2013 to 2015 and served on active duty as an Air Force officer from 2007 to 2013.

2.      Your affiant has participated in investigations of individuals who have violated state and Federal laws, particularly those laws found in Titles 18 and 21 of the United States Code. Your affiant has conducted and participated in ATF controlled operations where confidential informants and undercover agents were utilized to purchase firearms and narcotics. Your affiant has conducted and participated in surveillance operations that yielded information pertaining to firearms and narcotics laws violators. Your affiant has written search warrant affidavits and obtained search warrants for, among other things, residences, electronic devices, social media user accounts, and information pertaining to the location of cellular telephones. Your affiant has participated in the execution of search warrants wherein firearms, ammunition, large amounts of narcotics, currency, tools, paraphernalia, and records of firearms and narcotics trafficking have been recovered. Your affiant has conducted and participated in the arrests of firearms and narcotics law violators. Your affiant has had conversations with other experienced agents regarding illicit firearms possession and narcotics trafficking activities, and the many different enforcement methods used to combat firearms and narcotics law violators.

1

3. This affidavit is made in support of an application for a search warrant to search the following premises located within the Northern District of Florida (more fully described in Attachment A): **Room #8 at the Royal Arms Motel located at 3730 Mobile Highway, Pensacola, Florida**. Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, your affiant seeks authority to search the above premises for evidence, fruits, and instrumentalities related to the unlawful activities described in this affidavit. The warrant is being sought in connection with an ATF investigation into the offense of distribution of and possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841. The violation and the basis for the search are more fully described below, and the specific items to be searched for and seized at the premises are more fully described in Attachment B. The following is based on your affiant's own investigation or was provided to your affiant by other law enforcement officers. Since this affidavit is for a limited purpose, your affiant has not included every fact known about this investigation, but rather, only those facts necessary to establish probable cause for the requested search warrant.

## RELEVANT FACTS OF THE INVESTIGATION

4. On or about April 22, 2019, your affiant obtained a federal criminal complaint and arrest warrant for Arthur COOK (hereinafter referred to as "COOK"). The complaint and arrest warrant was assigned case number 3:19mj114 and signed by U.S. Magistrate Judge Hope Cannon.

5. On or about April 24, 2019, law enforcement agents conducted surveillance of **Room #8 at the Royal Arms Motel located at 3730 Mobile Highway, Pensacola, Florida.** During this period of surveillance, COOK was observed entering and exiting **Room #8**. ATF agents arrived in the parking lot of the Royal Arms Motel, and COOK was standing in front of Room #8 with the door to the room open. COOK was detained outside the room pursuant to the

federal arrest warrant. COOK's paramour, Nishika Wells, was observed inside Room #8, and ATF agents requested she exit the room. COOK was placed into the back of a government vehicle, and Wells sat in a chair outside Room #8. Wells granted agents consent to "look around" the inside of Room #8. A digital scale and corners to plastic baggies already cut (consistent with packing narcotics for distribution) were observed on the table next to the door near the front door of the room. This was the same table where a digital scale and suspected cocaine base were found and seized during the execution of a federal search warrant of Room #8, assigned case number 3:19mj107 and signed by U.S. Magistrate Judge Hope Cannon, on or about April 15, 2019. Among other things, additional suspected controlled substances, drug paraphernalia, including multiple digital scales, and a large sum of U.S. currency were found in other places in the room and seized during the execution of that search warrant.

6. Your affiant's training and participation in investigations of narcotics traffickers and others involved in illegal businesses and activities have given your affiant knowledge to recognize the methods used by narcotics traffickers and money launderers to conceal their assets, income, and activities from the government and other third parties. Based on your affiant's training and experience, your affiant knows the following:

  a. Individuals involved in drug trafficking and money laundering operations maintain records to account for their illicit income and expenses. Such records include books, ledgers, notes, receipts, bank account information, and invoices. These records are often kept by drug traffickers and money launderers within their residences, businesses, or other locations over which they maintain control.

  b. It is common for individuals involved in drug trafficking and money laundering operations to maintain evidence pertaining to their obtaining, concealing,

3

transferring, and expending drug trafficking proceeds, such as: currency, financial instruments, jewelry, financial records, bank deposit and withdrawal slips, owe sheets, ledgers, notes, invoices, receipts, records of real estate transactions, bank statements, letters of credit, money orders, cashier's checks, safe deposit box keys, and money wrappers. These items are often maintained by drug traffickers and money launderers within their residences, businesses, or other locations over which they maintain control.

c. Drug traffickers and money launderers often conceal assets, bank accounts, and telephones in fictitious names or aliases, or in the names of relatives, associates, or business entities to avoid detection and seizure by law enforcement.

d. Drug traffickers and money launderers commonly communicate through the use of cellular telephones. It is common for drug traffickers and money launderers to communicate prior to, during, and/or immediately after illicit transactions to provide money laundering instructions, account information, and notification of transaction completion. Cellular telephones store data pertinent to criminal investigations such as contact lists, telephone numbers of incoming and outgoing calls, and dates and times of incoming and outgoing calls, text messages, pictures, and emails. Drug traffickers and money launderers commonly utilize multiple cellular telephones, which often are kept within their residences, business, vehicles, and on their persons.

e. Drug traffickers often maintain quantities of narcotics for future transactions stashed within their residences, vehicles, and other locations under their control.

  f. Drug traffickers who utilize common carriers, such as Fed-Ex, USPS, or UPS, to facilitate the shipment, transfer, or receipt of the contraband being exchanged often maintain receipts from those transactions.

  g. Drug traffickers often utilize rental cars to facilitate the shipment, transfer, or receipt of the contraband being exchanged and maintain receipts from those transactions.

  h. Drug traffickers often secrete firearms, contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, vehicles, and other locations under their control.

  i. As firearms and ammunition are common tools of the drug trade, drug traffickers often possess firearms and ammunition in an effort to secure their illegal narcotics and any unlawfully-obtained proceeds.

## CONCLUSION

7. Based upon the facts outlined above, your affiant respectfully submits there is probable cause to believe that narcotics are being distributed from inside **Room #8 of the Royal Arms Motel located at 3730 Mobile Highway, Pensacola, Florida**, and that contraband, evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Section 841, will be found within **Room #8 at the Royal Arms Motel located at 3730 Mobile Highway, Pensacola, Florida.**

8. Therefore, your affiant respectfully requests that the attached warrant be issued authorizing the search of the subject premises, which is more particularly described in Attachment A, and grant permission to seize the items described in Attachment B.

_____
ADAM K. ZEITHAMMEL
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

5

Subscribed and sworn to before me this 24th day of April, 2019.

_____
HOPE T. CANNON
United States Magistrate Judge